IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO.

MARGARET WEISS, and FELIX REYES,

    Plaintiffs,

v.

BETHESDA HEALTH, INC. and BETHESDA HOSPITAL EAST,

    Defendants

                                                /

## COMPLAINT

**COMES NOW**, Plaintiffs MARGARET WEISS and FELIX REYES by and through undersigned counsel file this complaint against BETHESDA HEALTH, INC. and BETHESDA HOSPITAL EAST, (hereinafter "BETHESDA"), state and allege as follows:

## PARTIES

1.    Plaintiffs, MARGARET WEISS (hereinafter "WEISS") and FELIX REYES (hereinafter "REYES"), are residents and citizens of Palm Beach County, State of Florida, and *sui juris*.

2.    Plaintiffs are deaf and communicate in American Sign Language. As a result, they are qualified individuals with disabilities under the definitions of the Rehabilitation Act, 29 USC § 794, Section 504 and the Americans with Disabilities Act, 42 USC § 12181, § 12131, et seq.

3.    Defendants, BETHESDA HEALTH, INC. and BETHESDA HOSPITAL EAST, are Florida not-for-profit corporations with the principal place of business located at 2815 S. Seacrest Blvd., Boynton Beach, Florida.

4.    Defendants, BETHESDA HEALTH, INC. and BETHESDA HOSPITAL EAST are

places of public accommodation pursuant to Title III of the Americans with Disabilities Act and are recipients of federal financial assistance by virtue of its acceptance of Medicare and Medicaid payments and as such are considered covered entities under the Rehabilitation Act of 1973.

## JURISDICTION

5.      This Court has original jurisdiction over the subject matter of Plaintiffs' causes of action, pursuant to 28 U.S.C. § 1331, as they arise under the Rehabilitation Act, 29 U.S.C. § 794, Section 504, and the Americans with Disabilities Act, Title III, 42 U.S.C. § 12182. Further there is a related matter pending; Sunderland v. Bethesda Health, Inc. et al. before the Honorable Daniel T.K. Hurley, Case No. 13-cv-90685. In addition the Florida Association for the Deaf, one of the plaintiffs in that case, filed a Motion for preliminary injunction on Ms. Weiss's behalf which is currently pending. Pursuant to the Court's order, the Honorable James M. Hopkins filed a report and recommendation on June 4, 2015 that such preliminary injunction be denied as the Court determined that FAD does not have standing to bring the injunction on Ms. Weiss's behalf. [D.E. 169).

6.      The events giving rise to the claims alleged in this Complaint arose in Palm Beach County, Florida which is within the confines of the West Palm Beach division of the Southern District of Florida. 28 U.S.C. § 89(c).

7.      Venue in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because (a) the Defendants are in this judicial district and (b) a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred and are occurring within this judicial district.

## GENERAL ALLEGATIONS

8.      This action is brought by Plaintiffs against Defendants, for their failure, and pattern and

practice of failing, to provide reasonable effective communication through auxiliary services for persons who are deaf on all occasions stated herein as well as all occasions prior and after these dates. Plaintiffs experienced humiliation and discrimination in violation of their civil rights through Defendants' policies, procedures, practices, and pattern of discrimination on the basis of disability.

## FACTUAL BACKGROUND

9.     In December of 2013, Plaintiff Weiss was seven months pregnant and wanted to go to Bethesda hospital as it was the closest one to her home and was the hospital her doctor recommended. However when she called Bethesda in December to arrange her pre-labor and delivery tour and requested an interpreter for both her tour and anticipated labor and delivery, she was told that Bethesda only provides VRI and would not provide an on-site interpreter.

10.    Thereafter she called the Deaf Service Center of Palm Beach County for help. Silvia Garcia, one of its employees, called the Hospital clinical manager, Monique Schiline, and sent her copies of the law and explained why using VRI only would be very hard for her during a walking tour and labor and delivery. The manager advised that she would have to pay for her own interpreter or use VRI only. Mrs. Garcia called and faxed Bethesda Hospital several times trying to obtain an ASL interpreter for Weiss, however Bethesda still refused to provide anything other than a Video Remote Interpreter.

11.    Plaintiff had to go to West Boca Medical Center who promised her on site interpreters for the tour and when the baby was born. Since her baby was born with some problems and had to stay in the hospital, she ended up having to go back and forth constantly which was extremely difficult as she had just given birth. West Boca Medical Center provided on site interpreters for her entire stay at the hospital and when she came back and forth to be with her baby.

12. Plaintiffs also had to go to Bethesda Hospital Emergency room twice with their daughter, Odelia Simone Weiss-Reyes, on December 31, 2014 and April 5, 2015. In December of 2014, plaintiffs' baby was brought to the emergency room of Bethesda as the closest hospital to their home, due to a serious head injury. After struggling to get the VRI to work and a complete failure of effective communication with the plaintiffs who were distraught over their daughter, an on-site interpreter was finally provided. However this was only because the VRI machine would not turn on at all and was only done after the plaintiffs were subject to severe emotional distress as they struggled to communicate and made many emotional requests for an interpreter.

13. In April of 2015, plaintiffs again brought their baby to the emergency room at Bethesda and again the VRI system was utilized. This time it turned on but kept turning off and was blurry and freezing and was completely ineffective. Plaintiff's requests for an on-site interpreter were refused and plaintiffs were forced to try to use family members who were present but not fluent in sign language and not interpreters to try to communicate. They left very upset without a full understanding of what had occurred with their daughter's care. 14. Plaintiffs have requested qualified interpreters numerous times but Defendants have disregarded their requests for an interpreter and, instead, attempted to communicate with plaintiff through the use of video relay interpreting services ("VRI"). This method is inappropriate and ineffective because, among other reasons, of the complex nature of the care and treatment at issue and constant technical problems with the video equipment.

15. More importantly, Plaintiff Weiss is currently pregnant with a due date of July 2015. Plaintiffs again agreed to try to use the VRI for a tour of the labor and delivery area after defendants refused their request for an on-site interpreter as they were concerned with the VRI's technical performance, the moving nature of a tour and the multiple parties involved. They wanted to do a tour with other prospective parents to hear their comments and questions just as all other

nondisabled parents do, and so went on the group tour, only to be unable again to effectively communicate. The machine once again turned on and off and the interpreter could not hear nor identify which speaker talked during the tour. Therefore plaintiffs requested a private tour of the hospital with a live ASL interpreter but once again was refused same and her requests for an on-site interpreter for the upcoming childbirth have been denied. The hospital staff stated that they will only provide VRI.

16. Weiss plans to give birth at Defendants' Hospital because of her doctor's privileges, its proximity to her home and her need for continued monitoring while pregnant and managing risk factors. Plaintiffs need to be provided with an on-site ASL interpreter to communicate with the hospital staff during the labor and delivery tour and actual labor and delivery of their child as well as when necessary thereafter. Bethesda hospital has refused her requests and stated she will be provided with VRI for the labor and birth. There will be multiple persons in the room during the birth, including plaintiffs, both of whom are deaf and Weiss's mother who is also deaf, all of whom will require sign language interpreters to communicate. In addition there will be multiple medical personnel in the room and plaintiff Weiss will at times be walking, lying flat on her back with her legs in the air, bending and/or squatting. Weiss will often close her eyes as she will be in pain or during pushing and a live interpreter will need to physically touch plaintiff and do tactile signing at points during the labor. It will be impossible for a machine to ensure effective communication during all of these situations. A live onsite interpreter is required for all of these circumstances.

17. Further, despite having a policy and a consent agreement entered into in the case, <u>Beaubien v. Bethesda Memorial Hospital, Inc and Bethesda Healthcare Systems, Inc.</u>, filed by the Honorable Daniel T.K. Hurley on May 25, 2005 under Case Number 03810-88 in the United States District Court for the Southern District of Florida, defendants' hospital repeatedly denied and continues to deny effective accommodations to deaf plaintiffs. (See a true copy of the

Consent Agreement attached as Exhibit A in which defendants' agreed to provide qualified interpreters whenever necessary to ensure effective communication). Since a prior lawsuit involving two deaf plaintiffs had already been brought against defendants' hospital, this hospital had prior notice of the violations which still continue to occur. In addition, the hospital's attempt to use a remote video interpreter through Deaf Talk which would either freeze and/or not work and then to have to have plaintiffs fight to get what is legally required to be provided by the law and the hospital's own policy and prior consent order is in complete violation of the law set out to protect the rights of disabled individuals. In 2006 the Department of Justice also entered into a Resolution Agreement with Bethesda Hospital which also required that Bethesda ensure effective communication with deaf patients through the provision of appropriate auxiliary aids.(See a true copy of same attached as Exhibit B).

18. Currently there another lawsuit against Bethesda Hospital pending before the Honorable Daniel T.K. Hurley in the Southern District alleging defendants failure to ensure effective communication with deaf patients. <u>Sunderland et al. v. Bethesda Health, Inc. et al Case 13-80685, CIV-Hurley/Hopkins.</u> In this lawsuit twelve deaf patients and the Florida Association for the Deaf alleged that Bethesda does not provide qualified interpreters which are necessary during medical treatment for this effective communication. The lawsuit further alleges that Bethesda almost exclusively uses this Video Remote Interpreting system when they do attempt to provide auxiliary aids but that same is often blurry, lagging or freezing and/or does not allow deaf patients to effectively communicate because of the situations involved.

19. Plaintiffs suffered and will suffer extreme emotional distress and mental anguish as a result of being denied the ability and right to communicate effectively and know about Weiss's and their daughter's medical conditions, procedures, and prognosis.

COUNT I

**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181**

20. Plaintiffs hereby reassert by reference in this Count I the allegations of Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. Plaintiffs' hearing loss substantially limits major life activities including their ability to effectively communicate. Therefore Plaintiffs are individuals with a disability under Title III of the Americans with Disabilities Act. Plaintiffs meet the essential eligibility requirements for Defendants' services at all times material hereto. Therefore Plaintiffs are qualified individuals with a disability and are entitled to the protections of the Americans with Disabilities Act under 42 U.S.C. § 12181, et seq.

22. BETHESDA HEALTH, INC and BETHESDA HOSPITAL EAST violated Title III of the Americans with Disabilities Act in numerous ways including but not limited to discriminatory actions which occurred when they:

a. Failed to maintain policies and procedures to ensure compliance with Title III of the Americans with Disabilities Act, specifically policies that provide equal access and effective communication to individuals with disabilities;

b. Failed to consult with the plaintiff and filed to ensure that communications with the Plaintiffs were as effective as communications with non-disabled patients or patient's companions;

c. Failed to provide auxiliary aids and services, including a qualified interpreter, and to modify policies and procedures to prevent discrimination against Plaintiffs;

d. Failed to establish effective self-evaluations and/or provide notice of Plaintiffs' rights as individuals with a disability under the Americans with Disabilities Act;

e. Excluded Plaintiffs from services of the facility and denied her the benefit of these

services due to her disability.

23.     Plaintiffs have suffered severe emotional distress and damages in the past, and continue to suffer emotional distress and damages due to Defendants' violations of Title III of the Americans with Disabilities Act.

**WHEREFORE**, Plaintiffs Margaret Weiss and Felix Reyes respectfully request that this Court grant the following relief against BETHESDA HEALTH, INC and BETHESDA HOSPITAL EAST including entering a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that BETHESDA HEALTH, INC and BETHESDA HOSPITAL EAST's practices, policies, and procedures have subjected Plaintiffs to discrimination in violation of Title III of the Americans with Disabilities Act, permanently enjoining BETHESDA HEALTH, INC and BETHESDA HOSPITAL EAST from any practice, policy, and/or procedure which will deny Plaintiff's equal access to, and benefit from Defendants' services or which deny Plaintiffs' effective communication with Defendants. This includes entering a permanent injunction ordering BETHESDA HEALTH, INC and BETHESDA HOSPITAL EAST:

a.  To provide live onsite American Sign Language interpreters for Plaintiffs for the tour of the labor and delivery area, the labor and delivery of their child and when necessary thereafter during the hospitalization following the birth.

b.  To cease discrimination against Plaintiffs and other deaf or hard of hearing patients;

c.  To promulgate, train and comply with policies and procedures to ensure that BETHESDA HEALTH, INC and BETHESDA HOSPITAL EAST and their employees and/or agents do not discriminate against individuals who are deaf and hard of hearing;

d.  To promulgate, train and comply with procedures to ensure that

    BETHESDA HEALTH, INC and BETHESDA HOSPITAL EAST will consult with deaf and hard of hearing patients to determine the appropriate auxiliary aids and provide and pay for interpreter services when needed by individuals who are deaf or hard of hearing in all services offered by BETHESDA HEALTH, INC and and BETHESDA HOSPITAL EAST,

e. To promulgate, train and comply with procedures to ensure that BETHESDA HEALTH, INC and BETHESDA HOSPITAL EAST adequately trains its entire staff with regards to the use of video relay interpreting services, and when such services can be used in lieu of a live interpreter.

f. To promulgate, train and comply with procedures to ensure that BETHESDA HEALTH, INC and BETHESDA HOSPITAL EAST will notify individuals who are deaf or hard of hearing of their right to effective communication;

g. To publish their obligations to provide accommodations to the deaf population in advertising and outreach to the community;

h. That defendants' hospital and all affiliated hospitals who are a part of the Bethesda Healthcare Systems, Inc. be provided with appropriate training to its personnel, including their physicians, medical and nurse assistants to ensure their familiarity with and understanding of how VRI is utilized and its limitations in certain situations, and that the problems with the VRI be resolved. In the alternative, when the VRI has operational problems or is ineffective during a patient's or companion's treatment that a live interpreter when necessary to ensure effective communication.

i. Award reasonable costs and attorneys' fees;

j. Award any and all other relief that this Court deems proper.

**COUNT II**
**VIOLATION OF SECTION 504 OF THE REHABILIATION ACT OF 1973,**
**29 U.S.C. § 706 AGAINST ALL DEFENDANTS**

24. Plaintiffs hereby reassert by reference in this Count II the allegations of Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

25. Plaintiffs are deaf and their disability substantially limits major life activities, including their ability to effectively communicate with others who do not know sign language. Therefore, Plaintiffs are considered to be individuals with a disability under Section 504 of the Rehabilitation Act, as amended. See 29 U.S.C. §706(8). Plaintiffs are otherwise qualified under Section 504 of the Rehabilitation Act because they meet the essential eligibility requirements for Defendants' services at all times material hereto. Furthermore, Defendants are recipients of federal financial assistance.

26. Defendants' policies, practices, and procedures, particularly the actions and omissions described hereinabove, violated Plaintiff's rights under Section 504 of the Rehabilitation Act by discriminating on the basis of a disability.

27. Additionally, Defendants also denied Plaintiffs programs and services that they made available to non-disabled patients or companions of patients.

28. Defendants violated Plaintiffs' rights through their repeated refusal to reasonably accommodate Plaintiffs with appropriate auxiliary aids and services or to modify policies and procedures to prevent discrimination.

29. Defendants violated Plaintiffs' rights by failing to provide them with benefits or services that are not as effective as the benefits or services provided to others.

30. Defendants violated Plaintiffs' rights by failing to provide effective

communication to Plaintiffs when providing notice concerning benefits or services or written material concerning waivers of rights or consent to treatment.

31. Defendants violated Plaintiffs' rights by failing to provide a procedure for effective communication with persons with impaired hearing for the purpose of providing emergency health care.

32. Defendants violations of the Rehabilitation Act were intentional or with deliberate indifference to the rights of persons with disabilities.

33. Plaintiffs suffered severe emotional distress and damages in the past, and continue to suffer distress and damages due to Defendants' violations of Section 504 of the Rehabilitation Act of 1973.

**WHEREFORE**, Plaintiffs Margaret Weiss and Felix Reyes on behalf of all other similarly situated deaf individuals, respectfully request that this Court grant the following relief against Defendants, including entering a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Section 504 of the Rehabilitation Act permanently enjoining Defendants from any practice, policy, and/or procedure which will deny Plaintiffs equal access to, and benefit from Defendants' services or which deny Plaintiffs effective communication with Defendants. This includes entering a judgment ordering Defendants to:

   a. To provide live onsite American Sign Language interpreters for Plaintiffs for the tour of the labor and delivery area, the labor and delivery of their child and when necessary thereafter during the hospitalization following the birth.

   b. To cease discrimination against Plaintiffs and all other deaf or hard of hearing patients;

c. To promulgate, train and comply with policies and procedures to ensure that Defendants, and their employees and/or agents, do not discriminate against individuals who are deaf and hard of hearing;

d. To promulgate, train and comply with procedures to ensure that Defendants will consult with deaf and hard of hearing patients to determine the appropriate auxiliary aids and provide and pay for interpreter services when needed by individuals who are deaf or hard of hearing in all services offered by Defendants as required by law and the two prior agreements listed above;

e. To promulgate, train and comply with procedures to ensure that Defendants will notify individuals who are deaf or hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that state that Defendants will provide sign language interpreters, Videophones and/or other communication services that ensure effective communication with deaf or hard of hearing persons.

f. To publish their obligations to provide accommodations to the Deaf population in advertising and outreach to the community;

g. That defendants' hospital and all affiliated hospitals who are a part of the Bethesda Healthcare Systems, Inc. be provided with appropriate training to its personnel, including their physicians, medical and nurse assistants to ensure their familiarity with and understanding of how VRI is utilized and its limitations in certain situations, and that the problems with the VRI be resolved. In the alternative, when the VRI has operational problems or is ineffective during a patient's or companion's treatment that a live interpreter when necessary to ensure effective communication.

  h.  Award compensatory and punitive damages;

  i.  Award reasonable costs and attorneys' fees; and

  j.  Award any and all other relief that this Court deems proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY FOR ALL ISSUES FOR WHICH A TRIAL BY JURY IS PERMITTED.**

Respectfully submitted this 10th day of June, 2015.

        DISABILITY INDEPENDENCE GROUP, INC.
        2990 Southwest 35th Avenue
        Miami, Florida 33133
        Phone (305) 669-2822
        Facsimile (305) 442-4181
        E-Mail: Matthewdietz@justdigit.org
         By: s/ Matthew W. Dietz
         MATTHEW W. DIETZ, ESQ.
         Florida Bar No. 0084905
         RACHEL L. GOLDSTEIN, ESQ.
         Florida Bar No. 0095973
         /s/ Clara R. Smit, Esq.
         Clara R. Smit, Esq.
       *Attorney for Plaintiff*